UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:08-CV-105-KKC

TIMOTHY JASON BROOKS                                        PLAINTIFF

VS.         **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
            OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGEMENT**

MR. S. SILVA, et al.                                        DEFENDANTS

* * * * * * * * *

Come now the Defendants by and through counsel, and hereby submit the following Memorandum in Support of its Motion to Dismiss or, in the alternative, for Summary Judgement of Plaintiff's Bivens claims filed herein.

<u>INTRODUCTION</u>

Timothy Brooks (hereinafter "Plaintiff"), register number 86832-079, is an inmate formerly incarcerated at the United States Penitentiary in Inez, Kentucky (hereinafter "USP Big Sandy"). He is currently incarcerated at the United States Penitentiary in Tucson, Arizona (hereinafter "USP Tucson"). [Inmate Data, Attachment A]. He is serving a 360 month sentence with five years of supervised release time for Transportation of Foreign Commerce/Visual Depiction of Persons Under Age of 18, in violation of 18 U.S.C. § 2252(A)(1). [*Id*.]. His current projected release date is November 30, 2025. [*Id*.]. Plaintiff filed this action under the doctrine set forth in *Bivens v. Six*

1

*Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), against three staff members at USP Big Sandy. [Complaint].  Plaintiff names as *Bivens* Defendants in their individual capacities: USP Big Sandy Correctional Officer S. Silva; USP Big Sandy Correctional Officer Taylor[1]; and USP Big Sandy Correctional Officer Guy. [*Id.*].  Plaintiff amended his *Bivens* action on July 14, 2008, and added Lieutenant Hapney as a Defendant. [Amended Complaint].  Plaintiff also brings a negligence claim against the United States pursuant to the Federal Tort Claims Act (hereinafter "FTCA"). [Complaint].

Plaintiff's *Bivens* claims allege deliberate indifference by the Defendants, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. [*Id.*].  He claims two separate incidents of excessive physical force by the Defendants in the Special Housing Unit (hereinafter "SHU") at USP Big Sandy. [*Id.*].  Plaintiff was housed in protective custody in the SHU at USP Big Sandy because of the danger of assault from other inmates due to his criminal background as a sex offender. [*Id.*].  He also brings an Eighth Amendment claim against a Defendant Lieutenant for allegedly not permitting him outside recreation in SHU. [Amended Complaint].

---

[1] USP Big Sandy records fail to reveal a Correctional Officer named "Taylor" ever being employed at USP Big Sandy. Accordingly, the summons and complaint for "Officer Taylor" were not accepted at USP Big Sandy.

First, he alleges on May 17, 2007, Defendants Taylor and Guy twisted his arms and Taylor used the food tray door in his SHU cell to smash his arms. [Complaint].  Second, Plaintiff claims on May 23, 2007, Defendant Silva took Plaintiff to the law library room, which was without cameras, in the SHU and physically assaulted him, because Silva did not like Plaintiff's sex crime and his litigious nature. [*Id*.].  Plaintiff claims Silva wrote a false incident report against Plaintiff in order to cover up the assault. [*Id*.].  Plaintiff's FTCA claim against the United States specifically alleges staff intentionally assaulted him in the SHU law library and then covered it up. [*Id*.].  Finally, Plaintiff alleges Lieutenant Hapney refused to permit him to have outdoor recreation in SHU while Hapney was SHU Lieutenant. [Amended Complaint].

He seeks relief in the form of $10,000 in punitive damages and $5,000 for the constitutional violations by the *Bivens* Defendants, and $5,000 from the Defendant United States pursuant to the FTCA. [Complaint].  Plaintiff requests injunctive relief in the form of cameras placed in the SHU law library; firing of the staff Defendants involved in the alleged assaults; and any other relief this Court deems appropriate. [*Id*.].

In response, the Defendants argue Plaintiff's *Bivens* claims in Plaintiff's complaint were not administratively exhausted, so they are statutorily barred by the Prison Litigation Reform Act

(hereinafter "PLRA"). [Facts and authorities presented below]. The Defendants provide a detailed history of Plaintiff's remedy history and show Plaintiff has not exhausted any of his excessive force claims through the Bureau's Administrative Remedy Program, nor has he administratively exhausted his claim regarding the lack of outside recreation in SHU.

The Defendant United States further argues Plaintiff's FTCA negligence claim raises excessive force claims which is an intentional constitutional tort, which is not cognizable under the FTCA, which only waives sovereign immunity for personal injury by officials of the United States within the scope of their duties.  The Defendant United States argues it has therefore not waived sovereign immunity to be sued for monetary damages, so this Court is without subject matter jurisdiction over this FTCA claim.  Further, Plaintiff's excessive force claim is not cognizable under the FTCA and accordingly fails to state a claim upon which relief can be granted.

<u>FACTS</u>

**Plaintiff's failure to administratively exhaust for his *Bivens* claims.**

Plaintiff has not administratively exhausted any of his Eighth Amendment excessive force or outside recreation claims which he brings in this complaint *sub judice*.  As will be discussed below, his remedy history shows he failed to successfully file remedy complaints about the alleged excessive

4

force incidents mentioned in his complaint through all three tiers of the Bureau's remedy system. [Declaration of Joseph Tang, ¶5]. Plaintiff filed only one institution-level administrative remedy complaining of not having outside recreation in SHU, but this remedy request was withdrawn by Plaintiff and he filed no further remedies at any level regarding this issue. [*Id.*, ¶9].

**Plaintiff's FTCA claim.**

Plaintiff filed administrative tort claim number 2008-04053 on April 30, 2008. [Dec. of Joseph Tang, ¶10]. He received a letter from the Bureau of Prisons acknowledging receipt of this tort claim on April 30, 2008. [*Id.*]. The letter informed Plaintiff the agency had six months from the date of the receipt of his claim to review, consider, and adjudicate his claim, pursuant to Title 28 U.S.C. § 2675 of the FTCA. [*Id.*].

The United States of America through its agency, the Bureau of Prisons, denied Plaintiff's tort claim number 2008-04053, on January 7, 2009. [*Id.*, ¶11]. The excessive force part of the claim was denied based upon the theory the FTCA only allows recovery from the United States for personal injuries caused by governmental employees acting within the scope of their employment, while Plaintiff on the other hand, is alleging an intentional physical assault by USP Big Sandy staff. [*Id.*]

<u>DISCUSSION</u>

I. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED PURSUANT TO THE PRISON LITIGATION REFORM ACT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.

**The legal doctrine of exhaustion of administrative remedies.**

The doctrine of exhaustion of administrative remedies is well-established in the jurisprudence of administrative law. This doctrine provides that no one is entitled to judicial relief for alleged harm until administrative remedies have been exhausted.  This doctrine further holds that administrative agencies are created as separate entities and are vested with certain powers and duties with which the courts should not interfere until the agencies have completed administrative review of the grievances. *See McKart v. United States*, 395 U.S. 185 (1969).

Under *McCarthy v. Madigan*, 503 U.S. 140, 153 FN5 (1992), a federal inmate seeking injunctive relief is not required to exhaust his administrative remedies before initiating a *Bivens* action "solely" for money damages.  However, when a plaintiff sought both injunctive and monetary relief or just injunctive relief, complete exhaustion of administrative remedies was mandated.  *See Davis v. Keohane*, 835 F.2d 1147 (6th Cir. 1987), *aff'd*, 838 F.2d 1215 (6th Cir. 1987); *Caraballo-Sandoval v. Honstead*, 35 F.3d 521 (11th Cir. 1984), *rehearing en banc denied*, 48 F.3d 538 (11th Cir. 1995).

The subsequent passage of the PLRA in 1996 statutorily mandated inmates to exhaust administrative remedies before filing *Bivens* or other forms of complaints.  A line of subsequent Sixth Circuit decisions clearly reinforced this statutory mandate under the PLRA in *Bivens*-type actions.  The United States Supreme Court in *Woodford v. Ngo*, 548 U.S. 81 (2006), ruled the PLRA exhaustion requirement requires proper exhaustion of administrative remedies pursuant to the remedy policies of the prison system.

The PLRA represents a Congressional mandate that requires exhaustion of administrative remedies regardless of whether monetary and/or injunctive relief is sought.  Under PLRA § 1997e(a):

> APPLICABILITY OF ADMINISTRATIVE REMEDIES.  No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or **any other federal law**, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are **available** are exhausted.

(emphasis added).  This provision of the PLRA applies to this complaint *sub judice*.

The issues in this complaint arise out of factual allegations involving Plaintiff, then a confined inmate at USP Big Sandy, and the named Defendants, Bureau of Prisons correctional staff.  [Complaint].  Plaintiff's claims relate to

alleged Eighth Amendment violations of the Constitution by the Bureau Defendants. [*Id*.].

Further, the language of this statutory provision includes actions brought under "any other federal law." Under the doctrine of *Bivens*, which Plaintiff pleads in this case, subject matter jurisdiction is proper pursuant to federal law, 28 U.S.C. Sections 1331, where district courts shall have original jurisdiction of ". . . all civil actions arising under the Constitution, laws, or treaties of the United States." [28 U.S.C. Section 1331].  Indeed, Plaintiff states his subject matter jurisdiction for this complaint as 28 U.S.C. § 1331. [Complaint].

In a recent United States Supreme Court case, *Woodford*, the Court rejected the "substantial exhaustion" doctrine, and held inmates are statutorily mandated under the PLRA to properly file and completely exhaust their administrative remedies under prison rules.  The Supreme Court believed the substantial exhaustion doctrine ran counter to the principles of administrative law, giving prisoners an incentive to not comply with prison administrative remedy policies, and robbing the prison system of an opportunity to review and possibly remedy prisoner issues administratively. *Woodford*, 548 U.S. at 88-91.  Accordingly, the Court determined unless a prisoner has properly complied with remedy policies and completely exhausted his remedies through all stages of a prison's administrative remedy system, he has not

exhausted his remedies under the PLRA, and his case must be dismissed. [*Id.*].

**The Bureau of Prisons Administrative Remedy Program.**

The Bureau of Prisons has a three-tier administrative remedy program.  Inmates ordinarily begin the remedy process at the institution level by filing a BP-9 answered by the Warden. [*Id.*, ¶3].  The inmate may then appeal the Warden's response with a BP-10 to the Region, answered by the Regional Director.  [*Id.*]. The inmate's third and final appeal, a BP-11, may be filed with the National Inmate Appeals Administrator. [*Id.*].

In order to exhaust his administrative remedies, an inmate must file remedies at all available levels and each remedy request must comply with Bureau of Prisons policy and accordingly be accepted at each level. [*Id.*, ¶4].  If accepted, the respective Bureau administrator will provide the inmate with a remedy response. [*Id.*].  If a remedy does not comply with Bureau of Prisons policy, i.e. lack of timeliness, insufficient attachments or copies, etc., the remedy will be rejected and ordinarily the filer will be given an opportunity to correct the deficiencies and re-file the remedy request if the deficiencies are correctable. [*Id.*].

**Plaintiff's administrative remedy history.**

An examination of the complete administrative remedy history of Plaintiff shows he has not administratively exhausted any of

the claims he raises in the above-styled complaint. [*Id.*, ¶5]. He has not administratively exhausted his administrative remedies regarding the only issues in this case, two separate incidents involving the alleged physical abuse by the Defendants in the Special Housing Unit ("SHU") at USP Big Sandy on May 17 and on May 23, 2007, and the alleged deprivation of outside recreation time in SHU. [*Id.*].

Specifically, his complete administrative remedy history shows he attempted to file only one series of remedies regarding the alleged May 23, 2007, assault in the law library area of the SHU at USP Big Sandy:

1.) Remedy No. 463067-F1 (answered by the Warden at the institutional level, neither granting nor denying the remedy request, but informing Plaintiff the facts would be properly investigated; closed in the remedy database on August 23, 2007);

2.) Remedy No. 463067-A1 (rejected by the National Inmate Appeals Administrator, Central Office, on February 15, 2008, because it was filed at the wrong level since Plaintiff did not first file a Regional-level remedy appeal);

3.) Remedy No. 463067-A2 (rejected again by the National Inmate Appeal Administrator on May 3, 2008, because Plaintiff again filed at the wrong level since he did not first file a Regional-level remedy appeal; Plaintiff was also informed this appeal was untimely and he should refile at the Regional level

10

with an explanation from staff on Bureau letterhead giving a legitimate reason for the delay). [*Id.*, ¶6].

Plaintiff never filed or refiled any more remedies on the alleged May 23, 2007, assault by staff in the SHU law library area, nor did he submit anything at any level to attempt to cure the defects with his rejected remedy requests. [*Id.*, ¶7]. Plaintiff therefore only successfully filed an institution-level remedy on the alleged May 23, 2007 assault, but never had any remedy requests to the Region and National Inmate Appeals Administrator accepted for response on this issue. [*Id.*].

Plaintiff also never filed any administrative remedies regarding the other alleged assault by staff using the food slot door in the SHU on May 17, 2007. [*Id.*, ¶8]. Further, his series of remedies filed on the other alleged assault did not mention the alleged May 17, 2007, assault. [*Id.*].

Finally, Plaintiff filed only one institution-level remedy on the outside recreation issue on February 5, 2008, Remedy No. 481585-F1, but withdrew the request and never filed any more remedy requests at any level on this recreation issue. [*Id.*, ¶9]. Based upon the above, Plaintiff's excessive force and outside recreation claims under the Eighth Amendment were not administratively exhausted because he did not comply with policy and successfully file remedies for response at all three administrative remedy levels, as required under the Supreme

11

Court's interpretation of complete PLRA administrative remedy exhaustion in *Woodford*.  These claims should therefore be dismissed in their entirety pursuant to the statutory administrative exhaustion requirement of the PLRA.

II. PLAINTIFF'S FTCA CLAIM RELATING TO THE EXCESSIVE FORCE BY STAFF SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE PLAINTIFF ALLEGES AN INTENTIONAL CONSTITUTIONAL TORT, FOR WHICH THE UNITED STATES HAS NOT WAIVED SOVEREIGN IMMUNITY FOR MONETARY DAMAGES, AND IT ALSO DOES NOT STATE A CAUSE OF ACTION UNDER THE FTCA.

Under the doctrine of sovereign immunity, the United States of America cannot be sued without its consent, and the terms of that consent define a federal court's jurisdiction to entertain such suit.  *United States v. Sherwood*, 312 U.S. 584 (1941); *United States v. Testan*, 424 U.S. 392 (1976).  The Federal Tort Claims Act, 28 U.S.C. § 2671, *et. seq.*, "is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies and/or officers acting within their official capacity."

Section 2675(a) of Title 28, United States Code, provides in pertinent part:

> "An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury . . . caused by the negligent or wrongful fact or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency**

12

> **in writing and sent by certified or registered mail.**  The failure of any agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." (Emphasis added).

*Anderberg v. United States*, 718 F.2d 976, 977, n.2, (10th Cir. 1983), *cert. denied*, 466 U.S. 939 (1984).  Further, the requirement of the filing of an administrative claim is jurisdictional and cannot be waived.  *Garrett v. United States*, 640 F.2d 24, 25 (6th Cir. 1981); *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508, 515 (6th Cir. 1974).

In this case *sub judice*, Plaintiff filed administrative tort claim number 2008-04053 on April 30, 2008. [Dec. of Tang, ¶10]. He received a letter from the Bureau of Prisons acknowledging receipt of this tort claim on April 30, 2008. [*Id*.].  The letter informed Plaintiff the agency had six months from the date of the receipt of his claim to review, consider, and adjudicate his claim, pursuant to Title 28 U.S.C. § 2675 of the FTCA. [*Id*.].

The United States of America through its agency, the Bureau of Prisons, denied Plaintiff's tort claim number 2008-04053, on January 7, 2009. [*Id*., ¶11].  The excessive force part of the claim was denied based upon the theory the FTCA only allows recovery from the United States for personal injuries caused by governmental employees acting within the scope of their

employment, while Plaintiff on the other hand, is alleging an intentional physical assault by USP Big Sandy staff. [*Id.*]

However, the FTCA statute, 28 U.S.C. § 2672, requires that claims under the FTCA are compensable for money damages only in cases of "injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency *while acting within the scope of his office or employment*. . . ." [28 U.S.C. § 2672]. This is a limited waiver of sovereign immunity, allowing the United States to be sued for monetary damages only in cases of negligent conduct by governmental officials which is within the scope of their employment.

In contrast, Plaintiff is claiming intentional excessive force by USP Big Sandy staff, constitutional violations by these staff members. [Tort Claim; Complaint]. The very nature of a constitutional tort allegation is prison staff acted *outside* the scope of their employment in depriving a plaintiff of his or her constitutional rights.

Plaintiff alleges *intentional* constitutional violations by prison staff, not mere negligent conduct within the scope of the staff members' employment. [*Id*]. His FTCA tort claim specifically claims "excessive force" and "malicious intent" by Officers Guy and Silva. [*Id.*]. Clearly, Plaintiff is claiming an

intentional constitutional tort of excessive force, not mere negligence by the Defendant United States.

Accordingly, because Plaintiff has alleged an intentional constitutional tort by USP Big Sandy staff, this claim is not cognizable under the FTCA, and it does not state a claim upon which relief can be granted. This claim should therefore be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). Further, because the United States has not waived sovereign immunity for this monetary FTCA claim, it should also be dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

<u>CONCLUSION</u>

Based on the above stated facts and authorities and pursuant to Fed.R.Civ.P. 12(b), dismissal of Plaintiff's *Bivens* individual capacity action against Defendants Silva, Guy, and Hapney is warranted based upon Plaintiff's failure to comply with the PLRA statutory requirement for the exhaustion of administrative remedies.

His FTCA excessive force claim against the Defendant United States of America should be dismissed for failure to state a claim upon which relief can be granted and lack of subject matter

jurisdiction, for alleging an intentional constitutional tort under the FTCA.  In the alternative, summary judgement for the Defendants is appropriate pursuant to Fed.R.Civ.P. 56(c).

                                    Respectfully submitted,

                                    JAMES ZERHUSEN
                                    UNITED STATES ATTORNEY

                                    s/Marianna Jackson-Clay
                                    Marianna Jackson-Clay
                                    Assistant United States Attorney
                                    260 West Vine Street, Suite 300
                                    Lexington, KY  40507
                                    (859) 233-2661


OF COUNSEL:

JOSEPH TANG
Supervisory Attorney
Lexington Consolidated Legal Center
Federal Bureau of Prisons