UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CIVIL ACTION NO. 7:08-CV-105-KKC

TIMOTHY JASON BROOKS                            PLAINTIFF

VS.

MR. S. SILVA, et al.                              DEFENDANTS

\* \* \* \* \* \* \* \* \*

### DECLARATION OF JOSEPH TANG

I, Joseph Tang, do hereby state and declare the following:

1. I am currently employed as Supervisory Attorney at the Lexington Consolidated Legal Center (hereinafter "Lexington CLC"), located at the Federal Medical Center in Lexington, Kentucky ("FMC Lexington"). I have been employed as an attorney in the legal office at FMC Lexington since August 1994. As Supervisory Attorney at the Lexington CLC, I am responsible for providing litigation support to the United States Attorney's Office in civil cases where the allegations arise out of FMC Lexington and other federal prison institutions in Kentucky.

2. As part of my litigation support duties, I examine the administrative remedy histories of inmates who have filed civil litigation. I also have access to the complete administrative Federal Tort Claims Act ("FTCA") histories of Bureau of Prisons inmates and others who have filed such claims. I also have access to the complete administrative remedy histories of Bureau

1

of Prisons inmates. I have reviewed the administrative FTCA tort claim and administrative remedy histories of inmate Timothy Brooks(hereinafter "Plaintiff"), register number 86832-079.

3. The Bureau of Prisons has a three-tier administrative remedy program. Inmates ordinarily begin the remedy process at the institution level by filing a BP-9 answered by the Warden. The inmate may then appeal the Warden's response with a BP-10 to the Region, answered by the Regional Director. The inmate's third and final appeal, a BP-11, may be filed with the National Inmate Appeals Administrator, Central Office, D.C.

4. In order to exhaust his administrative remedies, an inmate must file remedies at all available levels and each remedy request must comply with Bureau of Prisons policy and accordingly be accepted at each level. If accepted, the respective Bureau administrator will provide the inmate with a remedy response. If a remedy does not comply with Bureau of Prisons policy, i.e. lack of timeliness, insufficient attachments or copies, etc., the remedy will be rejected and the filer will be given an opportunity to correct the deficiencies and re-file the remedy requests if the deficiencies are correctable.

5. I have examined the complete administrative remedy history of Plaintiff. He has not administratively exhausted his administrative remedies regarding the only issues in this case, the alleged physical abuse by the Defendants in the Special

2

Housing Unit ("SHU") at USP Big Sandy on May 17 and May 23, 2007. He never successfully exhausted all three tiers of the remedy process regarding the alleged May 23, 2007, staff assault. He also never filed any remedies regarding the alleged May 17, 2007, staff assault. Plaintiff filed one institution-level remedy regarding the outside recreation issue, but withdrew the request and never filed any other remedies at any level on this issue.

6. Specifically, his complete administrative remedy history shows he attempted to file only one series of remedies regarding the alleged May 23, 2007, assault in the law library area of the SHU at USP Big Sandy: **1.)** Remedy No. 463067-F1 (answered by the Warden at the institutional level, neither granting nor denying the remedy request, but informing Plaintiff the facts would be properly investigated; closed in the remedy database on August 23, 2007); **2.)** Remedy No. 463067-A1 (rejected by the National Inmate Appeals Administrator, Central Office, on February 15, 2008, because it was filed at the wrong level since Plaintiff did not first file a Regional-level remedy appeal); and **3.)** Remedy No. 463067-A2 (rejected again by the National Inmate Appeal Administrator on May 3, 2008, because Plaintiff again filed at the wrong level since he did not first file a Regional-level remedy appeal; Plaintiff was also informed this appeal was untimely and he should refile at the Regional level with an explanation from staff on Bureau letterhead giving a legitimate

3

reason for the delay).

7. Plaintiff never filed or refiled any more remedies on the alleged May 23, 2007, assault by staff in the SHU law library area, nor did he submit anything at any level to attempt to cure the defects with his rejected remedy requests. Plaintiff therefore only successfully filed an institution-level remedy on the alleged May 23, 2007 assault, but never had any remedy requests to the Region and National Inmate Appeals Administrator accepted for response on this issue.

8. Plaintiff never filed any administrative remedies regarding the alleged assault by staff using the food slot door in the SHU on May 17, 2007. Further, his series of remedies filed on the other alleged assault did not mention the alleged May 17, 2007, assault.

9. Plaintiff filed only one institution-level remedy on the outside recreation issue on February 5, 2008, Remedy No. 481585-F1, but withdrew the request and never filed any more remedy requests at any level on this recreation issue.

10. Plaintiff filed administrative tort claim number 2008-04053 on April 30, 2008, alleging intentional assault/excessive force by staff at USP Big Sandy, and loss of personal property. He received a letter from the Bureau of Prisons acknowledging receipt of this tort claim on April 30, 2008. The letter informed Plaintiff the agency had six months from the date of the

4

receipt of his claim to review, consider, and adjudicate his claim, pursuant to Title 28 U.S.C. § 2675 of the FTCA.

11. The United States of America through its agency, the Bureau of Prisons, denied Plaintiff's tort claim number 2008-04053, on January 7, 2009. The excessive force part of the claim was denied based upon the theory the FTCA only allows recovery from the United States for personal injuries caused by governmental employees acting within the scope of their employment, while Plaintiff on the other hand, is alleging an intentional physical assault by USP Big Sandy staff.

12. I certify the attached copies of Bureau of Prisons documents are true and accurate copies of the original documents.

I declare under penalty of perjury pursuant to Title 28 U.S.C. § 1746 that the foregoing is true and accurate.

_____        _____1/23/09_____
Joseph Tang                             Date
Supervisory Attorney
Consolidated Legal Center
Lexington, Kentucky
Federal Bureau of Prisons

5