UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:08-CV-105-KKC

TIMOTHY JASON BROOKS                                                           PLAINTIFF

v.                               **OPINION AND ORDER**

MR. S. SILVA, et al.                                                          DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion of the Plaintiff, Timothy Jason Brooks ("Brooks"), entitled "Request for Clarification" (Rec. No. 39) and Motion to Alter Judgment (Rec. No. 40). The United States has responded to the Motion to Alter Judgment (Rec. No. 47). As a result, these motions are now ripe for review. For the reasons set forth below, the Court will DENY Plaintiff's Motion to Alter Judgment and GRANT Plaintiff's Request for Clarification.

I.   PROCEDURAL HISTORY

Brooks is an inmate who was formerly incarcerated at the United States Penitentiary in Inez, Kentucky (hereinafter "Big Sandy"). Brooks brought claims related to two incidents that allegedly occurred while he was incarcerated at Big Sandy. His complaint states that on May 17, 2007, Defendants Taylor and Guy twisted his arms and used the food tray door in his cell to smash his arms. Brooks also alleges that on May 23, 2007, Defendant Silva took him out of security camera range into the law library and physically assaulted him.

1

On May 1, 2009, this Court issued a decision granting the United States' Motion to Dismiss based on Brooks' failure to state a cognizable claim under the FTCA. (Rec. No. 38). As a result, Brooks' FTCA claim regarding the purported assaults of May 17 and May 23 of 2007 was dismissed on the merits.[1] Following the issuance of this decision, Brooks brought a request for clarification and a motion to alter the judgment pursuant to Rule 59(e). (Rec. No. 39, 40).

## II.  MOTION TO ALTER JUDGMENT

### A. STANDARD

Under Federal Rule of Civil Procedure 59 courts may grant motions to alter or amend a judgment. Fed. R. Civ. P. 59(e). The purpose of the rule is to enable district courts to correct their own errors and thereby spare the parties and appellate courts the burden of unnecessary appellate proceedings. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). However, Rule 59(e) motions serve a limited purpose and should only be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or prevent manifest injustice. *Gen. Truck Drivers, Chauffeurs, Warehousemen & Helpers, Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (6th Cir. 1999). A Rule 59(e) motion is not intended to provide the plaintiff with another opportunity to argue the merits of their case. *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

### B. DISCUSSION

The Court has reviewed Brooks' motion to alter its judgment and the response by the

---

[1] The factual background giving rise to Brooks' claims is adequately set forth in this Court's May 1, 2009 decision. *See* Rec. No. 38 at 1-5; *see also* Rec. No. 6.

United States. Brooks has not alleged that the Rule 59(e) motion should be granted because of an intervening change in controlling law or because he has obtained evidence that was previously unavailable. As a result, this Court can only grant the requested relief if necessary to correct a clear error of law or prevent manifest injustice.

In its order dismissing Brooks' FTCA claims, the court indicated that "the FTCA will accept liability only for personal injury suffered as the result of negligence on the part of an employee or officer of the United States, while the employee was acting in the course of his employment." Because this Court found that the conduct alleged by Brooks falls outside the scope of the officers' employment under Kentucky law, it held that Brooks failed to state a cognizable claim under the FTCA. The Court sees no reason to disturb this decision. Under Kentucky law, an employee's assault on a third person is generally not within the scope of his employment. *See Flechsig v. United States*, 991 F.2d 300 (6th Cir. 1993).[2] Thus, even assuming that this assault occurred, it surely would not have been within the scope of the employment of the officers allegedly committing it.

Brooks also argues that the law enforcement officer exception to the general rule that the FTCA covers negligence and not intentional acts should apply in this case. *See* 28 U.S.C. § 1346(b). The law enforcement officer exception allows recovery under the FTCA for intentional torts, such as assaults, committed by law enforcement officers. *See* 28 U.S.C. § 2680(h). However, this exception is a narrow one and only applies where the intentional tort occurs during

---

[2] Brooks also attempts to argue that this case is distinguishable from *Flechsig* because in that case where official conduct was deemed to be outside of the scope of employment, because in that case and various others, criminal convictions of the correctional officers proved that the officers were acting outside of the scope of their employment. However, Brooks has cited no authority that requires the existence of a criminal conviction of a correctional officer before a court can find that an alleged assault was outside of the scope of his employment.

the course of a search, seizure of evidence, or arrest. *See Pooler v. United States*, 787 F.2d 868 (3rd Cir. 1986). In its prior decision, this Court held that the law enforcement exception was inapplicable because the alleged tortious conduct committed by Officer Silva did not occur during the course of a search, seizure of evidence or arrest.

Brooks requests reconsideration of this decision and contends that the section 2680(h) law enforcement exception is applicable. First, he argues that Officer Silva is a "law enforcement officer." This Court agrees. However, to fall within the exception, the alleged assault must have occurred during the course of a search, seizure of evidence, or arrest. Here, there simply are no allegations that the alleged assault occurred while Officer Silva was performing a search, seizure of evidence, or arrest. Brooks also claims that *Pooler*, which this Court relied on in interpreting the law enforcement exception, is not universally accepted. However, Brooks has offered nothing to show that applying *Pooler* is a clear error of law.

Brooks also argues that the law enforcement exception is applicable because Officer Silva is granted the power to conduct seizures and perform searches and arrests. However, whether or not Officer Silva has such powers is irrelevant. The proper inquiry is whether Brooks' alleged assault occurred while Officer Silva was exercising one of these powers. As it is not alleged that the assault occurred during an activity covered by the exception, the Court finds no reason to reverse its earlier ruling.

Accordingly, this Court finds that it properly analyzed and dismissed Brooks' FTCA claims and will deny the motion to alter its prior judgment.

### III.    REQUEST FOR CLARIFICATION

On May 15, 2009, Brooks filed a request for clarification of this Court's decision

dismissing his FTCA claims. Brooks asked whether:

> when you said that the FTCA did not control deliberate and willful assaults and batteries (such as one of the claimed theories in this case - - that Officer Silva went well beyond mere negligence when he punched me in the head while I was handcuffed), were you stating that it was your ruling that his actions were a deliberate, unlawful assault? If you are NOT saying that, then please explain what you did mean about his conduct.

The answer to Brooks' question is no. The Court's decision on May 1, 2009 in no way ruled that Officer Silva's actions were a deliberate and unlawful assault. In fact, it did not rule on Officer Silva's conduct in any respect. The Court merely explained that the FTCA applies to negligent acts and not the kind of intentional acts alleged in the Plaintiff's complaint. *See* 28 U.S.C. § 1346(b).

## IV.     CONCLUSION

Accordingly, this Court being sufficiently advised, it is **HEREBY ORDERED** that:

(1)     Plaintiff's Motion to Alter Judgment (Rec. No. 40) is **DENIED;** and

(2)     Plaintiff's Request for Clarification (Rec. No. 39) is **GRANTED.**

Dated this 18th day of December, 2009.

Signed By:

*Karen K. Caldwell*   KKC

**United States District Judge**