UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:08-CV-105-KKC

TIMOTHY JASON BROOKS                                                                     PLAINTIFF

v.                          **MEMORANDUM, OPINION AND ORDER**

MR. S. SILVA, et al.                                                                              DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on motions by Plaintiff Timothy Jason Brooks ("Brooks") for relief from final judgment under Rule 60(b) and to amend his complaint. Rec. 61, 62. Brooks asserts that his claims against the United States were erroneously dismissed under the Federal Tort Claims Act ("the FTCA"). Defendants have responded and Brooks has replied. Rec. 67, 74. As a result, this matter is now ripe for review. For the following reasons, Brooks' motion for relief from final judgment is **DENIED** and the motion to amend his complaint is **granted in part**.

**I.      MOTION FOR RELIEF FROM JUDGMENT UNDER FRCP 60(b)**

**A. Background**

On June 16, 2008, the Court dismissed all of Brooks' claims for negligent loss of prisoner property under the FTCA. Rec. 6. On February 6, 2009, Defendants filed a motion to dismiss or motion for summary judgment. Rec. 32. In an Opinion and Order dated May 1, 2009, the Court granted Defendants' motion to dismiss to the extent that it was grounded on Brooks' failure to state a cognizable claim under the FTCA and dismissed the remaining FTCA claims. Rec. 38.

Brooks then filed a request for clarification and a motion for the Court to alter its

judgment dismissing his remaining FTCA claims. Rec. 39, 40. In an Opinion and Order issued on December 18, 2009, the Court denied Brooks' motion to alter its judgment dismissing his remaining FTCA claims, but granted his request for clarification. Rec. 52. In response to the Court's denial of his motion to alter judgment, Brooks filed a motion for relief from final judgment and a motion to amend his complaint. Rec. 61, 62.

**B. Standard for Motions under Rule 60(b).**

FRCP 60(b)(1) allows relief from a final judgment, order or proceeding for a petitioner when he demonstrates "mistake, inadvertence, surprise, or excusable neglect." FRCP 60(b)(6) permits the Court to provide relief from a final judgment, order, or proceeding for "any other reason that justifies relief."

**C. Discussion**

Because Brooks has request relief on two grounds, the Court will address each of these separately. Brooks first asserts that relief is justified because of factual errors made in this Court's rulings of May 1, 2009 and December 18, 2009 which caused his remaining FTCA claims to be dismissed. Rec. 38, 52. The Sixth Circuit has stated that Rule 60(b)(1) motions are intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order. *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). Brooks argument appears to focus on the second situation**.** Brooks claims that his property damage/loss claim for his eyeglasses was erroneously dismissed.

The Court initially notes that Brewer's eyeglasses claim was not specifically addressed by either of the Court's prior decisions. Rather, the Court dismissed all of Brooks' FTCA claims.

The only property claim that was addressed had to do with the alleged negligent loss of Brooks' property.[1] Brooks acknowledges that his damaged eyeglasses may not have been presented clearly. However, even assuming that it had been properly presented, it would nevertheless have been properly dismissed along with the other FTCA claims.

Although a damaged property claim is not enumerated in section 2680(h) as a tort for which sovereign immunity has not been waived, it is clear upon reviewing that statute that the section also excludes from coverage under the FTCA "[a]ny claim arising out of assault, battery, false imprisonment," and the other enumerated torts. 28 U.S.C. § 2680(h). As a result, any claim "arising out of" an intentional tort claim is also excluded even if a plaintiff's pleadings have styled it otherwise. In determining whether an "arising out of claim" is excluded by § 2680, this Court should look at the actual conduct that Brooks bases his damaged eyeglasses claim on. *See, e.g.*, *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994); *Sheehan v. United States*, 896 F.2d 1168 (9th Cir. 1990). If that alleged conduct constitutes a tort enumerated under § 2680(h), then this Court has no jurisdiction to hear Brooks' damaged eyeglasses claim.

In this case, the alleged conduct giving rise to the damaged eyeglasses claim can only be fairly characterized as an assault. The Court has previously found that it does not have FTCA jurisdiction over the kind of intentional conduct that Brooks has alleged. Brooks claims that his eyeglasses were broken when Officer Silva struck him in the face. All of the conduct in the amended complaint that Brooks bases his eyeglasses claim on has to do with the original

---

[1] This claim was dismissed by the Court's Memorandum Opinion & Order dated June 16, 2008. Rec. 6.

3

intentional conduct by Silva.[2]  As a result, this claim is not cognizable under the FTCA and this Court has no jurisdiction to hear it.

Brooks also argues that the Court improperly found that the "law enforcement exception" to the intentional tort exception was inapplicable because Defendant Silva was performing a arrest/seizure at the time of the assault in question.  The Court has previously addressed this issue and found that the "law enforcement exception[3]" to the section 2680(h) exception is inapplicable.[4]  The Court believes that its prior opinion does not involve a substantive mistake of law or fact.  As a result, the Court will deny Brooks' motion under FRCP 60(b)(1).

Brooks also argues that he is entitled to relief under FRCP 60(b)(6).  Subsection (6) of FRCP 60(b) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefits Fund*, 249 F.3d 519, 524 (6th Cir. 2001)(quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)).  Courts have only applied this rule in those unusual and extreme situations where principles of equity mandate relief.  *Id.*  The Court has reviewed its prior rulings and Brooks' arguments for relief and finds that the requirements of Rule 60(b) have

---

[2] In his Amended Complaint, Brooks alleged that "[t]he next thing Brooks sees is the lens of his eye glasses spinning on the floor, which is about seven inches away, Brooks is on his knees ; wondering how badly Silva will beat him." Rec. 13 at 8, ¶ 33.  Furthermore, Brooks alleged that "[w]hen Silva hit Brooks, the blow caused Brooks to spin to his right, his forehead connecting with the cinder block wall. *This broke his personal eyeglasses*..." *Id.* at 9, § 39 (emphasis added).

[3] As noted in the Court's prior decisions, under this exception to the intentional tort exception, Plaintiff's may recover for claims arising out of assault, battery and other enumerated torts if the intentional torts are committed by investigative or law enforcement officers during the course of a search or seizure.  28 U.S.C. § 2680(h).

[4] In his reply, Brooks asserts that he has alleged sufficient facts that Defendant Silva was effecting an arrest at the time of the alleged assault.  In support of this argument, he relies on an attachment to his amended complaint which includes an incident report indicating that Brooks spit on the officers' chest which caused him "to place him on the floor to regain control of him."  However, these allegations and others contained in Brooks' amended complaint are insufficient to indicate that Silva was effectuating an arrest at the time of the alleged assault.

not been met. As a result, Brooks motion under Rule 60(b) will be denied.

The Defendant is also advised that this is the Court's final ruling on his FTCA claims and that no further motions regarding the dismissed FTCA claims will be entertained. Considering additional motions related to the FTCA claims would only delay the final resolution by this Court of Brooks' pending civil rights claims.

## II.  MOTION TO AMEND COMPLAINT

The Court has also considered Brooks' motion to amend complaint. Rec. No. 62. To the extent that Brooks seeks to restate his FTCA claims, the Court will deny this request as all FTCA claims have been properly dismissed as discussed above. However, to the extent that Brooks seeks the Court's permission to substitute the true names of unknown defendants as they become known, the Court will grant this request.

## III.  CONCLUSION

For the reasons set forth above, the Court hereby **ORDERS** that:

(1)  Brooks' motion for relief from final judgment (Rec. No. 61) is **DENIED;** and

(2)  Brooks motion to amend complaint (Rec. No. 62) is **GRANTED in part**.

This the 12th day of February, 2010.



Signed By:

_Karen K. Caldwell_

United States District Judge