UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CIVIL ACTION NO. 7:08-CV-105-KKC

TIMOTHY JASON BROOKS                                                  PLAINTIFF

v.                                  **OPINION AND ORDER**

MR. S. SILVA, et al.                                              DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Amend filed *pro se* by Plaintiff Timothy Jason Brooks ("Brooks"). Rec. 79. Brooks seeks to name additional parties and assert new claims under the Federal Tort Claims Act ("FTCA"). The matter has been fully briefed. For reasons set forth below, Brooks' motion is granted in part and denied in part.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

The basic facts giving rise to this lawsuit have been adequately presented in the Court's previous opinions and stem from allegations by Brooks that he was assaulted by several prison employees while he was incarcerated in the Special Housing Unit ("SHU") at Big Sandy, a United States Penitentiary. The first of these incidents occurred on May 17, 2007 and allegedly resulted in Brooks' arms being grabbed and smashed when he put them through the food slot in his cell door. Brooks alleges that a second assault occurred on May 23, 2007 when Defendant Sonny Silva took him to the law library and hit him "in the head and threw him across the room; while he was hand cuffed behind his back."

Brooks proposes to amend his complaint to allege that from May 2007 through August 2007, various Bureau of Prisons and Department of Justice employees failed to: (1) report staff

misconduct when Brooks reported it to them; (2) adequately investigate and preserve evidence of the staff misconduct that Brooks reported; (3) stop the assault and battery when they knew it was about to take place; and (4) file truthful documents in order to cover up the improper use of force. Brooks alleges that:

> these acts and/or omissions were the actual cause and proximate cause of physical and emotional damages to Plaintiff's person and property and caused prejudice to Plaintiff's ability to prove his complaint. The United States of America is the only defendant in this particular claim.

Rec. 81 at 16.

## II. ANALYSIS

In filing the instant motion to amend, Brooks asserts that the Court's dismissal of his prior FTCA claims does not preclude the requested amendments because "[t]he new claims regard events that SURROUNDED the assault NOT THE ACTUAL ASSAULT." Rec. 87 at 2 (emphasis in original).

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend a complaint is to be "freely given when justice so requires." However, a district court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Morse v. McWhorther*, 290 F.3d 795, 800 (6th Cir. 2002)(quoting *Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). In this case, amendment with regard to the FTCA claims would be futile because they "arise out of" Brook's assault and battery claims which have already been dismissed by this court. Accordingly, Brook's motion to amend his complaint will be

denied as to the FTCA claims.

It is a well-settled principle that the United States is immune from suit unless it expressly waives its sovereign immunity and consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S. Ct. 1349, 63 L. Ed. 2d 607 (1980). In 1946, Congress adopted the FTCA, which subject to numerous exceptions, waives the sovereign immunity of the federal government and confers subject matter jurisdiction on the federal district courts to hear tort actions against the federal government for the negligence of its employees. In relevant part, the FTCA authorizes suits against the government to recover damages:

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). The FTCA thereby constitutes the United States' limited waiver of sovereign immunity, restricted only to circumstances in which "a private individual [would be liable] under like circumstances," 28 U.S.C. § 2674.

However, in giving consent to suit in particular circumstances, the FTCA also defines and limits the scope of district court jurisdiction to entertain FTCA suits. 28 U.S.C. § 1346(b). The FTCA creates an exception to the limited waiver of the United States' sovereign immunity for intentional tort claims and for claims "arising out of" intentional tort claims. *Id.* at § 2680(h). Although this Court has previously dismissed Brooks' assault and battery claims under the "intentional tort" exception, he now seeks to renew those claims by alleging that *other* government officials negligently failed to prevent the assault and battery.

The Supreme Court has indicated that plaintiffs should not be permitted to avoid the

3

reach of the intentional tort exclusion under the FTCA by framing their complaints in terms of a negligence theory. In *United States v. Shearer*, Justice Burger recognized that:

> Respondent cannot avoid the reach of § 2680(h) by framing her complaint in terms of negligent failure to prevent the assault and battery. Section 2680(h) does not merely bar claims for assault or battery; in sweeping language it excludes any claim *arising out of* assault or battery. We read this provision to cover claims like respondent's that sound in negligence but stem from a battery committed by a Government employee. Thus the express words of the statute bar respondent's claim against the Government.

*United States v. Shearer*, 473 U.S. 52, 55 105 S. Ct. 3039, 87 L. Ed. 2d 38 (1985)(internal citations and quotations omitted)(emphasis in original). While this reasoning was not adopted by a majority of the Court, the Sixth Circuit has found it compelling. *See Satterfield v. United States*, 788 F.2d 395, 399 (6th Cir. 1986). Further, the "arising out of" language in section 2680(h) has been broadly construed by the Supreme Court. *See, e.g.*, *Kosak v. United States*, 465 U.S. 848, 104 S. Ct. 1519, 79 L. Ed. 2d 860 (1984).

In support of his position, Brooks relies on two cases flowing from the Supreme Court's decision in *Sheridan v. United States*, 487 U.S. 392, 108 S. Ct. 2449, 101 L. Ed. 2d 352 (1988). In *Sheridan*, an off-duty serviceman named Carr fired several rifle shots into an automobile being driven by the petitioners on a public street. *Id.* at 393. Petitioners brought suit against the United States alleging that their injuries were caused by the Government's negligence in allowing Carr to leave the naval hospital with the loaded gun in his possession. *Id.* at 394. Both the district court and the court of appeals dismissed the action under the intentional tort exception to the FTCA. *Id.* On review, the Supreme Court considered whether the "arising out of" language was broad enough to bar the petitioner's negligence claim because such a claim would not have existed in the absence of Carr's assault. *Id.* at 400. In reversing the decisions of the lower

4

courts, the Court declined to answer this question because it found the intentional tort exception of the FTCA inapplicable. *Id.*

Brooks relies on a federal district court case, *Davis v. United States*, 474 F. Supp. 2d 829 (N.D. Tex. 2007), suggesting that "when one government employee's negligence allows another government employee to commit an intentional tort, the courts have found liability not for the intentional tort, but for the negligence that precipitated the intentional tort." *Id.* at 832 (citing *Downey v. Denton County*, 119 F.3d 381, 387 (5th Cir. 1997)). This narrow interpretation runs contrary to the United State Supreme Court's jurisprudence that sovereign immunity statutes are to be construed broadly in favor of the government. *See McMahon v. United States*, 342 U.S. 25, 72 S. Ct. 17, 19, 96 L. Ed. 26 (1951)(statutes waiving the sovereign immunity of the United States are to be "construed strictly in favor of the sovereign"); *Duncan v. Walker*, 533 U.S. 167, 174, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001)(explaining that courts have a duty "to give effect if possible, to every clause and word of a statute.")(quoting *United States v. Menasche*, 348 U.S. 528, 538-39, 99 L. Ed. 615, 75 S. Ct. 513 (1955)).

In support of his argument, Brooks also cites *Downey v. Denton County*, 119 F.3d 381 (5th Cir. 1997), which the district court relied on in the *Davis*, discussed above. In *Downey*, the appellee was sexually assaulted by an employee of the Denton County Sheriff's Department. *Id.* at 383. She then sued the county, jail officials and jail employees under 42 U.S.C. § 1983 and the Texas Tort Claims Act. *Id.* The essence of her claims was that the defendants were negligent in failing to prevent her from being assaulted while in custody. *Id.* In analyzing Downey's claim under the Texas Tort Claims Act, the Court looked to the FTCA which it found to contain similar "arising out of language." *Id.* at 388. In concluding that sovereign immunity was waived under

5

the Texas Tort Claims Act, the Texas court relied on the United States Supreme Court's holding in *Sheridan v. United States,* 487 U.S. 392 (1988). However, this Court finds that *Denton* does not accurately reflect the Supreme Court's holding in *Sheridan*. In *Sheridan*, the Supreme Court expressly declined to answer the question whether the "arising out of" language was broad enough to preclude a negligence claim where it would not have existed in the absence of an assault claim. *Sheridan*, 487 U.S. at 400. Instead, the Court allowed the suit to proceed because the intentional tort exception was inapplicable. *Id.* This holding was at least in part influenced by the fact that the assault was committed by an officer who was off duty so that the assault did not fall within the scope of section 1346(b)'s general waiver of sovereign immunity. *Id.*

In this case, the Court finds that any injury or damage that Brooks may have suffered as a result of the negligence of various prison employees arose out of the assault and battery claims that the Court has found barred under section 2680(h). In the proposed amended complaint, Brooks asserts that the acts or omissions of government employees acting in the scope of their employment caused his physical and emotional damages and the damages to his property. Put simply, this plaintiff will not be permitted to avoid the section 2680(h) intentional tort exclusion by recasting his complaint in terms of a negligent failure to prevent assault or battery, which includes claims sounding in negligence but stemming from a battery committed by a government employee. *See, e.g.*, *Metz v. United States*, 788 F.2d 1528, 1533 (11th Cir. 1986).

Because Brooks' negligence claims "arise out of" the assault and battery claims which have previously been dismissed under section 2680(h), amendment of his claims would be futile. Therefore, Brooks' motion to amend his complaint as to the FTCA claims will be denied.

Brooks also seeks to amend his complaint to add James Guy as a defendant in his

individual and official capacity. In its opposition to the motion to amend, the United States submitted a declaration from Joseph Tang, indicating that James Guy did not work in the SHU when Brooks claims to have been assaulted. Rec. 84, Attach. 1, Declaration of Joseph Tang, ¶ 2. In his reply, Brooks concedes that James Guy is not a proper defendant in light of this declaration. Rec. 87 at 5. Accordingly, the Court will not permit Brooks to amend his complaint to bring the proposed individual and official capacity claims against James Guy.

Finally, Brooks seeks to amend his complaint to add claims against Walter Delong in his individual capacity. In light of the allegations contained in the tendered amended complaint, the Court will grant Brooks motion to amend to the extent that he seeks relief from Walter Delong in his individual capacity.

## III. CONCLUSION

For the reasons set forth above, the Court **HEREBY ORDERS** and **ADJUDGES** as follows:

(1) Plaintiff Timothy Jason Brooks' Motion to Amend Complaint (Rec. 79) is **GRANTED in part** and **DENIED in part.** Brooks' motion to amend is only granted to the extent that he be permitted to add claims against Walter Delong in his individual capacity. However, the motion is denied to the extent that it seeks to assert claims against the United States under the FTCA because the Court has determined that Brooks' proposed FTCA claims "arise out of" the assault and battery claims that the Court has previously dismissed under section 2680(h) of the FTCA.

(2) Brooks is directed to refile his amended complaint **in accordance** with the Court's Order by **July 26, 2010**.

This 24th day of June, 2010.



**Signed By:**

*Karen K. Caldwell*

**United States District Judge**