UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | |
|---|---|
| TIMOTHY JASON BROOKS ) | |
| ) | |
| PLAINTIFF ) | CIVIL ACTION NO. 7:08-CV-105-KKC |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| ) | |
| MR. S. SILVA, et al. ) | |
| ) | |
| DEFENDANTS ) | |

\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court on Defendants' motion to reconsider, to alter and amend (DE 257) the Court's prior Opinion and Order (DE 254) and Brooks's motion for leave to revive Brooks's FTCA claim (DE 265). Defendants' motion for reconsideration (DE 257) is granted, and Brooks's motion for leave to revive his FTCA claim (DE 265) is denied. Upon reconsideration of this Court's previous Order, (DE 254) Defendants' motion for summary judgment (DE 241) as to both the law library incident and food slot incident is granted because Brooks failed to properly exhaust his administrative remedies.

**Defendants' Motion to Reconsider**

A full factual history of this case is set forth in this Court's Order entered on May 1, 2009. (DE 38). Reconsideration is appropriate in this matter. Federal Rule of Civil Procedure 59 allows courts to alter or amend a judgment. Fed. R. Civ. P. 59(e). The rule enables district courts to correct their own errors and thereby spare the parties and appellate courts the burden of unnecessary appellate proceedings. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Courts should grant 59(e) motions for one of three reasons: "(1) because of an intervening change in controlling law; (2) because evidence not previously available has become available;

or (3) because it is necessary to correct a clear error of law or prevent manifest injustice." *Gen. Truck Drivers, Chauffeurs, Warehousemen & Helpers, Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (6th Cir. 1999). Defendants' motion to reconsider is granted to correct a clear error of law.

The Court previously held that the referral of Brooks's claims to an OIA investigation satisfied his exhaustion requirements and fulfilled the purpose of exhaustion. (DE 254). This holding was based primarily on *Langton v. Combalecer*, No. 4:09-CV-1928, 2008 WL 896062 (E.D. Mich. Mar. 31, 2008) and *Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010). Upon further review, the Court finds that its reliance on these cases was in error because they are factually and legally inapplicable to Brooks's case.

*Langton* dealt with a Michigan state prisoner who alleged sexual misconduct by a prison employee. 2008 WL 896062 at *3. The state prison administrative policy was to refer all allegations of sexual misconduct to internal affairs. *Id.* In fact, under the Michigan prison rules, "sexual misconduct claims are transferred out of the grievance process to Internal Affairs." *Id.* This Court's application of *Langton* was wrong for two reasons. First, *Langton* concerned a state prison with state prison policies that don't apply to the instant case concerning a federal prison and federal policies. The applicable BOP administrative remedies and procedures are stated in 28 C.F.R. §542.10–15, and Brooks did not exhaust all of his available remedies under those procedures. (DE 254). Second, in *Langton*, the referral to internal affairs ended the prisoner's appeals process. 2008 WL 89602 at *3 (noting that the plaintiff's claim was transferred outside the grievance process). "[A] prisoner has exhausted all available remedies when the prison administration's referral of a complaint for investigation ends a prisoner's appeal rights." *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1063 (9th Cir. 2007). In contrast, Brooks was

specifically informed that the referral to OIA was "for informational purposes only," and "[if] you are dissatisfied with this response, you may appeal to the Regional Director . . . ." (DE 254). Thus, because the OIA investigation did not terminate Brooks's administrative appeal rights, this Court erred in relying on *Langston* in its earlier Opinion and Order. (DE 254).

The Court also erroneously relied on *Reed-Bey*, because in that case, the Department of Corrections officials improperly allowed a prisoner's deficient claims to go forward. 603 F.3d at 324–25. In the instant case, Brooks has provided only an unsubstantiated allegation that an unknown prison official lost or threw away his BP-10 appeal. (DE 249). After extensive discovery, Brooks provides no independent evidence that he satisfied the third step in the administrative process, and thus, his claim was never considered on the merits by the Regional Director. In *Reed-Bey*, the prison officials incorrectly allowed the plaintiff's claim to go through the grievance process and reached an administrative decision on the merits. 603 F.3d at 325. The Sixth Circuit noted, "When prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we." *Id.* However, in the instant case, Defendants have satisfied their burden of proving that Brooks did not exhaust his administrative remedies. As a result, no administrative decision was reached on the merits. Thus, the purposes of exhaustion were not satisfied in this matter.

This Court finds that Brooks failed to exhaust his administrative remedies. (DE 254). Referral to OIA was not exhaustion and the purposes of exhaustion were not satisfied. Thus, Defendants' previous motion for summary judgment is granted. (DE 241)

### Brooks's Motion to Revive FTCA Claim

Brooks's motion for leave to brief the previously dismissed FTCA claim is denied. (DE 265). Brooks seeks to revive his FTCA claim based on a recent Supreme Court decision in

*Millbrook v. United States*, 133 S. Ct. 1441 (2013). Even if *Millbrook* is applicable to Brooks's previous FTCA claim, this Court clearly denied Brooks's FTCA claim on two alternative grounds. (DE 38). To properly state an FTCA claim under which relief may be granted, a defendant must be acting within the scope of his or her employment. 28 U.S.C. § 1346(b)(1). "[D]etermination of whether an employee of the United States acted within her scope of employment is a matter of state law." *Flechsig v. U.S.*, 991 F.2d 300, 302 (6th Cir. 1993). This Court previously found that under Kentucky law, "as a general rule it is not within the scope of a servant's employment to commit an assault upon a third person and the master is not liable for such an assault though committed while the servant was about the master's business." (DE 38); *Flechsig*, 991 F.2d at 302–03 (internal citations omitted). Thus, Brooks's FTCA claim fails even if *Millbrook* is applicable to the Court's alternative holding.

## Conclusion

Accordingly, for the above stated reasons, the Court HEREBY ORDERS as follows:

1. Defendants' motion for reconsideration (DE 257) is **GRANTED**;

2. Upon reconsideration, Defendants' prior motion for summary judgment (DE 241) is **GRANTED**;

3. Brooks's motion for leave to brief revival of the FTCA claim (DE 265) is **DENIED**; and

4. In all other respects, the Court's prior Opinion and Order (DE 254) remains unaltered.

Dated this 3rd day of October, 2013.



Signed By:
*Karen K. Caldwell*
United States District Judge